UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Petitioner/Respondent,

v.                                                      Criminal No. 03-80619
                                                        Civil No.  08-15221

MICHAEL CHENEY,                        HONORABLE AVERN COHN

      Defendant/Petitioner.

_____/

**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

I.  Introduction

      This is a habeas case under 28 U.S.C. § 2255.  Defendant/Petitioner Michael Cheney Tyrone Pratt, a federal prisoner, claims he is incarcerated in violation of his constitutional rights.  Specifically, Petitioner claims that his sentence is illegal.  Before the Court is Petitioner's pro se motion under § 2255.  For the reasons that follow, the motion will be denied.

II.  Background

      Petitioner, along with four co-defendants, was indicted on charges of conspiracy to distribute 1,000 kilograms or more of marijuana, attempted possession of 100 kilograms or more of marijuana with the intent to distribute and conspiracy to launder monetary instruments.  Petitioner went to trial before a jury on all three charges.  The jury convicted Petitioner on all charges.  With regard to the marijuana charges, the jury made specific findings beyond a reasonable doubt that the amount of marijuana

involved in the conspiracy violation was between 1000 and 1000 kilograms and the amount involved in the attempted possession violation was at least 1000 kilograms. The Court sentenced Petitioner to 97 months.  The sentence was based in part on a finding that Petitioner was responsible for between 400-700 kilograms of marijuana and Petitioner played a leadership role in the offense.  Petitioner appealed.  The Court of Appeals for the Sixth Circuit affirmed.  United States v. Cheney, 07-1337 (6th Cir. Oct. 23, 2008) (unpublished). ).

Petitioner then filed the instant motion under 28 U.S.C. § 2255.

III.  Analysis

A.

Title 28 U.S.C. § 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion, Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993).

B.

2

Petitioner first says that his sentence is illegal because it was based on a quantity of drugs and on an enhancement for his role in the offense which was not presented to the jury and proven beyond a reasonable doubt.  Petitioner raised the same argument on appeal, which the Sixth Circuit rejected as follows:

> Cheney's sole argument on appeal is that the district court improperly based it sentence on a 400-700 kilogram drug quantity and Cheney's leadership role, where these findings were not determined by a jury beyond a reasonable doubt. . . .
> Cheney's argument fails because judicially found facts at sentencing do not violate <u>Booker</u> under an advisory Guidelines scheme. . . .
> Second, Cheney's sentence did not exceed the maximum statutory penalty that could be imposed for his offenses. . . . Cheney was sentenced under an advisory Guidelines scheme, which does not implicate <u>Apprendi</u> Sixth Amendment concerns . . . .

<u>United States v. Cheney</u>, slip op. at p. 2-3.  In a footnote, the Sixth Circuit also stated that the Court did not clearly err in finding that Petitioner was a leader in the offense.  <u>Id</u>. at 2 n.1.

It is well-established that absent an exceptional circumstance, such as an intervening change in law, a § 2255 litigant may not relitigate a matter adversely decided on appeal.  See <u>Jones v. United States</u>, 178 F.3d 790, 796 (6th Cir.1999) Here, Petitioner has not established, or even offered, highly exceptional circumstances.  Because Petitioner essentially reasserts the same argument considered and rejected by the Sixth Circuit, further review by the Court is not inappropriate.  <u>See id</u>.  As such, Petitioner is not entitled to relief on this ground.

C.

Petitioner next says that his sentence is illegal because the Court should have granted him a reduction under the safety-valve.  To qualify for the safety-valve

3

exception to mandatory minimum sentencing, a defendant must satisfy the five following criteria:  they cannot have more than one criminal history point; they cannot have used violence or credible threats of violence or possessed a firearm or other dangerous weapon in connection with the offense; their offense cannot have resulted in death or serious bodily injury to anyone; <u>they cannot have been an organizer, leader, manager or supervisor of others in the offense</u>; and they have to have truthfully provided all the information and evidence concerning the offense.  18 U.S.C. § 3553(f)(1)-(5); U.S.S.G. § 5C1.2 (emphasis added)

It is clear that Petitioner was not eligible for the safety-valve based on the Court's determination that he was a leader in the offense.  Thus, Petitioner is not entitled to relief on this ground.

## IV.  Conclusion

For the reasons stated above, Petitioner's motion under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

 s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  January 22, 2009


I hereby certify that a copy of the foregoing document was mailed to Michael Cheney, #30269-039, FCI Morgantown, P.O. Box 1000, Morgantown,WV 26507-1000 and the attorneys of record on this date, January 22, 2009, by electronic and/or ordinary mail.

 s/Julie Owens_____

4

Case Manager, (313) 234-5160